

**U.S. Department of Justice**

United States Attorney's Office
District of Delaware

---

Nemours Building  (302) 573-6277
107 Orange Street, Suite 700  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

November 21, 2006

CR06-132

**FILED UNDER SEAL**

Clerk's Office
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware  19801

  Re: <u>Shannon G. Tuso</u>

Dear Clerk:

  Pursuant to the enclosed Memorandum of Plea Agreement, Waiver of Indictment, and Information, Shannon G. Tuso is prepared to waive indictment and enter a guilty plea to embezzlement by a bank employee. Ms. Tuso is represented by Thomas Foley, Esquire. (Also enclosed is the defendant information sheet.) The parties request that the matter be scheduled for a combined guilty plea and initial appearance.

  The Government files this letter under seal. Also enclosed is a motion to seal the entire file.

                Very truly yours,

                COLM F. CONNOLLY
                United States Attorney

            By:
               Edmond Falgowski
               Assistant United States Attorney

pc: Thomas A. Foley, Esquire (w/ Encs.)

EF:slb
Enclosures

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 06- 132 |
| ) | |
| SHANNON G. TUSO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Shannon G. Tuso, by and through the defendant's attorney, Thomas A. Foley, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and enter a guilty plea to the one count Information, charging Embezzlement by a Bank Employee, a violation of Title 18, United States Code, Section 656, which carries a maximum penalty of 30 years imprisonment, a $1,000,000 fine, five years supervised release, restitution, and a $100 special assessment.

2. The defendant acknowledges that the elements of embezzlement by a bank employee are: a) the defendant was an employee of a bank; b) the bank was insured by the Federal Deposit Insurance Corporation; c) the defendant knowingly and willfully embezzled funds of the bank in excess of $1,000; and d) the defendant acted with intent to injure and defraud the bank.

3. The defendant acknowledges that she caused Bank of America, NA to suffer a loss of $80,719 for which the Court may order restitution.

4. The defendant agrees to pay the special assessment on the day of sentencing.

5. The United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1. If the offense level is 16 or higher, the United States will move for an additional one point reduction.

6. The defendant understands that at sentencing the District Court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will ask the Court to calculate the appropriate sentence under the U.S.S.G. and likely will ask the Court to impose a sentence consistent with the U.S.S.G.

7. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____  By:_____
Thomas A. Foley, Esquire                Edmond Falgowski
Attorney for Defendant                  Assistant United States Attorney


_____
Shannon G. Tuso, Defendant

Dated:

AND NOW this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable
United States District Court

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>SHANNON TUSO,<br><br>        Defendant. | )<br>)<br>)<br>)  Criminal Action No. 06- 132<br>)<br>)<br>)<br>) |

## WAIVER OF INDICTMENT

1. I, __Shannon Tuso__, the above named defendant, who is accused of violating __18 USC § 656 (Embezzlement)__, being advised of the nature of the charge and of her rights, hereby knowingly, voluntarily and intelligently waives prosecution by Indictment and consents that the proceeding may be by information instead of by Indictment.

2. The defendant understands that (a) unless he waives Indictment, she could not be charged with these offenses unless the Grand Jury found probable cause to believe she committed the offenses and returned an Indictment; (b) the Grand Jury is composed of at least sixteen, but not more than twenty-three lay persons, and at least twelve of those Grand Jurors must find probable cause to believe that the defendant committed these offenses before an Indictment could be returned; and (c) by waiving Indictment, the Government will be proceeding by a document written by the United States Attorney and called an Information and the defendant will be prosecuted on that Information, rather than on an Indictment.

3. The defendant has read and reviewed with her counsel the charge in the Information, and is satisfied that her counsel has properly explained the charges and this Waiver to her.

4. No one has made the defendant any promises or threatened or forced the defendant to waive Indictment.

 

                                                                                     _____
                                                                                      Defendant

                                                                                  _____
                                                                                  Counsel for Defendant

Date: