

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 06-132-GMS |
| ) | |
| SHANNON G. TUSO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Shannon G. Tuso, by and through the defendant's attorney, Thomas A. Foley, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and enter a guilty plea to the one count Information, charging Embezzlement by a Bank Employee, a violation of Title 18, United States Code, Section 656, which carries a maximum penalty of 30 years imprisonment, a $1,000,000 fine, five years supervised release, restitution, and a $100 special assessment.

2. The defendant acknowledges that the elements of embezzlement by a bank employee are: a) the defendant was an employee of a bank; b) the bank was insured by the Federal Deposit Insurance Corporation; c) the defendant knowingly and willfully embezzled funds of the bank in excess of $1,000; and d) the defendant acted with intent to injure and defraud the bank.

3. The defendant acknowledges that she caused Bank of America, NA to suffer a loss of $80,719 for which the Court may order restitution.

4. The defendant agrees to pay the special assessment on the day of sentencing.

5.  The United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1. If the offense level is 16 or higher, the United States will move for an additional one point reduction.

6.  The defendant understands that at sentencing the District Court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will ask the Court to calculate the appropriate sentence under the U.S.S.G. and likely will ask the Court to impose a sentence consistent with the U.S.S.G.

7.  It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Thomas A. Foley, Esquire
Attorney for Defendant

_____
Shannon G. Tuso, Defendant

Dated: 1-10-07

COLM F. CONNOLLY
United States Attorney

By:_____
Edmond Falgowski
Assistant United States Attorney

AND NOW this __10th__ day of __Jan._____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Gregory M. Sleet
United States District Court